IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT D. HAUGHIE | : | |
| Plaintiff | : | |
| v | : | Civil Action No. AW-06-3460 |
| T-NETIX TELEPHONE SYSTEMS, JOHN A. ROWLEY, and MARYLAND ATTORNEY GENERAL | : | |
| Defendants | : | |

o0o

## **MEMORANDUM**

Pending in the above-captioned civil rights action is Defendants' Motions to Dismiss or for Summary Judgment. Papers No. 17 and 35. Plaintiff has opposed one motion, but failed to file an opposition to the second motion filed. Paper No. 20. Upon review of the papers filed, the Court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons that follow, Defendants' motions, construed as a Motions for Summary Judgment, shall be granted.

### Background

Plaintiff, an inmate at Roxbury Correctional Institution (RCI), alleges that on or about October 7, 2006, he attempted to call members of his family in North Carolina and Baltimore, Maryland, but received a message that the call could not be processed and that his account was not authorized. Paper No. 1. Plaintiff claims he filed a "telephone complaint" with telephone representative Vicki Dawson and received a response on October 11, 2006, explaining that his relatives should contact the billing department for T-Netix and the Budget Connection Department to resolve the matter. *Id*. Plaintiff discovered that the telephone company required his aunt in North Carolina to pay $100 directly to T-Netix and his niece in Baltimore would be

required to pay $250, in order to receive phone calls from Plaintiff for a period of three months. Paper No. 1. Plaintiff further claims he filed an Administrative Remedy Procedure request (ARP) upon learning this information, but the ARP was administratively dismissed. *Id*. Plaintiff states he appealed the administrative dismissal to the Commissioner of Correction on October 20, 2006, filed complaints with the FCC and the Better Business Bureau on October 23, 2006, and filed a separate complaint with the Commissioner concerning T-Netix business practices on October 23, 2006. *Id*.

Plaintiff again tried to call his family on November 11, 2006, but received the "account not authorized message." *Id*. Plaintiff sent a letter to T-Netix representative Vicki Dawson stating that "his family would not pay the extortion fees." *Id*. Plaintiff admits his pre-paid calling account was working as of November 9, 2006, but that Defendants had not removed the collect call restrictions from the numbers on his account. *Id*.

Plaintiff filed an Emergency ARP with the Commissioner on November 6, 2006, and was interviewed by Lt. Ambrose on December 3, 2006, in response to his complaint. Paper No. 1 at p. 3. He alleges he told Lt. Ambrose that his telephone numbers remained collect call restricted and that he could only make calls using his pre-paid account. *Id*. On December 15, 2006, Plaintiff states he received a reply from Warden Sowers concerning his complaint but it did not address the substances of his grievance. *Id*. Plaintiff asserts that the fees his family members are required to pay is extortion and that the State of Maryland is receiving 50% of the cost of every call made through T-Netix. *Id*.

Defendants Commissioner John Rowley and Joseph Curran explain that there is a contract between the Maryland Department of Public Safety and Correctional Services and T-

Netix for provision of telephone services at correctional institutions. Paper No. 17 at Ex. 1. Inmates can call parties who have telephone services that permit them to receive collect calls, if the inmate wants to call someone who cannot accept collect calls, a billing account must be set up by either the inmate or the third party. *Id*. An inmate billing account may be set up by the inmate for a minimum of $10.00, while an account for a third party must be set up for a minimum of $50.00, but may be higher if credit is poor. Alternatively, a third party may set up an account by providing the inmate with $10 for purposes of setting up an inmate billing account. *Id*. Rates for long distance telephone calls vary depending on location, but for local calls it is fifty cents on pre-paid accounts and eighty-five cents for collect calls. *Id*. at Ex. 2. Defendant T-Netix alleges the practices in place with respect to the contractual provision of telephone services to correctional facilities is authorized by Maryland law and otherwise join in Defendants Rowley and Curran's assertions. Paper No. 35.

**Standard of Review**

**Motion to Dismiss**

A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). Such a motion ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court, however, need not accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), or

3

conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

## Motion for Summary Judgment

Fed. R. Civ. P. 56(c) provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The Court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal

quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

"The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988). The court has an obligation to ensure that factually unsupported claims and defenses do not go to trial. *See Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U. S. 317, 323-24 (1986)).

### Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ["PLRA"] generally requires a prisoner plaintiff to exhaust administrative remedies before filing suit in federal court. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has interpreted

the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Thus, the exhaustion provision plainly extends to Plaintiff's allegations.

"[A]n inmate's failure to exhaust his administrative remedies must be viewed as an affirmative defense that should be pleaded or otherwise properly raised by the defendant." *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F. 3d 674, 681 (4th Cir. 2005).

Defendants in the instant case have properly raised the exhaustion issue and contend that Plaintiff has not exhausted administrative remedies with respect to the issues raised in this case. Defendants state that Plaintiff filed a complaint with the Office of the Attorney General which was forwarded to the Maryland Division of Correction, but never pursued a claim with the Inmate Grievance Office (IGO). Paper No. 17 at Ex. 4; Paper No. 35 at p. 5. They claim this failure to file with the IGO precludes proper exhaustion of administrative remedies. *Id*. Plaintiff has failed to rebut that assertion with a response. *See* Paper No. 20.[1] There is no genuine dispute of material fact concerning the exhaustion of administrative remedies, and defendants' motion for summary judgment[2] shall be granted by way of separate order.

December 18, 2007                  _____/s/_____
Date                                                           Alexander Williams, Jr.
                                                                                     United States District Judge

---

[1] Plaintiff simply asserts that Defendants' Motion to Dismiss or for Summary Judgment is not a proper response to the Complaint filed and because he is paying the filing fee in this case he is entitled to a jury trial. Paper No. 20.

[2] Both motions shall be construed as motions for summary judgment in light of the fact that each relies on evidence outside the initial pleadings.